Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000111
26-DEC-2013
08:21 AM

NO. CAAP-12-0000111

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KAMALEI K. COZO, Petitioner-Appellee, v.
DEREK HALL, Respondent-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CIVIL NO. 3SS11-1-299)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Respondent-Appellant Derek Hall (Hall), pro se, appeals from the Order Granting Petition for Injunction Against Harassment, entered on January 23, 2012 in the District Court of the Third Circuit, Puna Division (District Court).[1]

On appeal, Hall contends (1) there was not clear and convincing evidence of harassment because the evidence presented varied from the allegations in the petition for temporary restraining order (TRO) and (2) offers of proof regarding separate shotgun and shovel incidents were ignored by the District Court and.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hall's points of error as follows:

---

[1] The Honorable Barbara T. Takase presided.

(1)    Hall contends that there was no clear and convincing evidence to support issuance of an Injunction Against Harassment.  Hall specifically notes discrepancies between the allegations in Petitioner-Appellee Kamalei K. Cozo's (Cozo) TRO application and the evidence presented by witnesses at the hearing.  Hall points out that although Cozo alleged that he threatened to put holes in Cozo with a shotgun, there was no evidence that Hall possessed a shotgun.

The District Court did not base its decision to grant an injunction against harassment upon Hall's possession of a shotgun.  Rather, the District Court found that Hall had threatened to put holes in Cozo on more than one instance and Hall admitted that he tapped Cozo on the head with a shovel.  There was clear and convincing evidence that Hall committed Harassment, as defined in HRS § 604-10.5(a) (Supp. 2010).  Therefore, the District Court did not err by issuing an Order Granting Petition for Injunction Against Harassment.

(2)    Hall contends that the District Court refused his offer of proof, i.e. photographs of his property, he was not allowed to approach the bench, and his testimony was ignored.  Hall contends that his "substantial rights are being affected as I am not being allowed to present evidence to show the court the measures I have had to take to protect my property from repeated intrusions by Mr. Cozo."

Hall confuses an offer of proof with a request to admit his photographs into evidence.  Hall requested to approach the bench with some pictures.  The trial transcript does not indicate whether the District Court reviewed the photographs, only that Hall was asked whether he had copies for Cozo, to which he responded in the negative.  Hall indicated that the pictures were "of various circumstances -- I mean various situations at my house and the extraordinary measures I've had to take to keep [Cozo] out."  Hall did not lay the proper foundation to admit the photographs into evidence.  Moreover, the physical characteristics of Hall's property was not at issue.  Thus, the

2

photographs were also not relevant to rebutting Cozo's description of two incidents that occurred between Cozo and Hall which Cozo contended constituted Harassment, as defined in HRS § 604-10.5. Therefore, the District Court did not err by refusing to admit and consider Hall's photographs.

Therefore,

IT IS HEREBY ORDERED that the Order Granting Petition for Injunction Against Harassment, entered on January 23, 2012 in the District Court of the Third Circuit, Puna Division is affirmed.

DATED: Honolulu, Hawai'i, December 26, 2013.

On the briefs:

Derek Hall,
Respondent-Appellant, pro se.

Presiding Judge

Associate Judge

Associate Judge

3